ESSEX INC., CO.

v.

**BAYOU CONCESSION SALVAGE INC., et al.**

Civil Action No. 95–3401.

United States District Court, E.D. Louisiana.

Oct. 1, 1996.

---

4. This issue was discussed by this Court in Footnote 4 of its Order and Reasons entered July 12, 1996.

Walter Eric Lundin, III, Jerry J. Lobrano, Belle Chasse, LA, for Bayou Concession Salvage Inc.

William Charles Ellison, Bordelon, Hamlin & Theriot, New Orleans, LA, Richard J.W. Nunez, Richard J.W. Nunez, LLPC, Brownsville, TX, for Triangle Scrap Processors, Inc.

Leonard A. Davis, Herman, Herman, Katz & Cotlar, New Orleans, LA, Frank Costilla, Costilla & Stapleton, Brownsville, TX, for Jose Antonio Morales, Sr., Carmen Morales, Emilia Moreno Ramirez.

## ORDER AND REASON

FALLON, District Judge.

Before this Court is defendant's motion to dismiss. For the following reasons, the defendant's motion to dismiss is granted.

## BACKGROUND

On January 28, 1995 the decedent, Jose Morales Jr., suffered a fatal injury while working at Bayou Salvage's Belle Chasse facility. Mr. Morales was employed by Triangle Scrap Processors, a subcontractor of Bayou Salvage (Bayou). Subsequent to his death, the decedent's father, mother, common law wife, and son brought an action against Bayou and Triangle Scrap Processors in Texas state court. This proceeding is pending in state court and Essex, Bayou's insurer, is currently providing Bayou a defense in that suit pursuant to Bayou's insurance policy.

Essex has filed the instant declaratory suit in this Court based on diversity. At the heart of the matter is a disagreement between Essex and Bayou on the presence of a provision in the insurance contract between them that covers subcontractor's employees. In addition to bringing this declaratory judgment against Bayou, Essex has also sued Triangle Processor and the Morales defendants.[1] This has led the Morales defendants to file the current motion to dismiss.

John Michael Johnson, William Scarth Clark, Galloway, Johnson, Tompkins & Burr, New Orleans, LA, for Essex Insurance Company.

**1.** The Morales defendants include Jose Antonio Morales Sr., Carmen Morales, and Emilia Moreno Ramirez.

## LEGAL ANALYSIS

In this instant matter, the Morales defendants have contested both the subject matter jurisdiction and personal jurisdiction of this Court. Since subject matter jurisdiction may be raised at any time in a suit and even sua sponte by the court (FED.R.CIV.PRO. 12(h)(3)), it will be discussed first. If subject matter jurisdiction is found, the analysis will turn to personal jurisdiction.

Concerning subject matter, the Morales defendants contend this court lacks jurisdiction over them due to a lack of case or controversy between them and Essex. A federal court may only issue a declaratory judgment when there exists a substantial controversy of sufficient immediacy and reality between the parties having an adverse legal interest. *Middle South Energy, Inc. v. City of New Orleans,* 800 F.2d 488, 490 (5th Circuit, 1986); see also 28 U.S.C.A. § 2201. Thus, the pertinent question is does an immediate and real case or controversy exist between Essex and the Morales defendants.

Essex attempts to show a case or controversy does exist between it and the Morales defendants by relying on *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941). This case stands for the proposition that when a liability insurer seeks a declaratory judgment that it is not liable on an insurance policy a case or controversy exists between the insurer and the insured and between the insurer and the injured party. Such a finding, however, is based on Ohio law which gives the injured party the statutory right to proceed against the insurer if the insured fails to satisfy a final judgment within 30 days. This statutory opportunity for the injured party to sue the insurer directly demonstrated in the *Maryland Casualty* Court's opinion an actual controversy between the injured party and the insurer was not too remote for the Court to have subject matter jurisdiction over the injured party. *Id.* at 274, 61 S.Ct. at 512.

Texas procedural law, however, governs the relationship between the Morales defendants and Essex. This is because the Morales defendants have filed suit in Texas court against Bayou, the insured party in this case.

Texas law unlike Ohio law bars a plaintiff from bringing a tort suit directly against the tort-feasor's insurer. *Cowley v. Texas Snubbing Control, Inc.,* 812 F.Supp 1437, 1445 (S.D.Miss 1982). Under Texas law a nonparty to an insurance contract may bring suit against an insurer to enforce an insurance contract in only two circumstances. The nonparty may become a legal beneficiary of the contract or become a judgment creditor of the insured. *Id.*

A legal beneficiary of an insurance contract is one for whose benefit the insurance contract is made. *Id.* Essex brought the current declaratory judgment suit to determine if the decedent, Jose Morales Jr., was a beneficiary of the insurance contract between it and Bayou Savage. Until this question is answered, the standing of the Morales defendants to bring suit against Essex is in doubt. Even if the Court decides the declaratory judgment in Essex's favor, there is still no immediate case or controversy between Essex and the Morales defendants. Bayou Concession Salvage would have to be found liable for the decedent's death in state court and Essex would have to refuse to honor the insurance contract between it and Bayou. Such a scenario would establish a case or controversy between the Morales defendants and Essex. Currently none of these conditions are present indicating a remoteness and lack of immediacy to justify there being a case or controversy between Essex and the Morales defendants.

The second opportunity Texas affords an injured party to sue an insurer also fails to satisfy the prerequisite of immediacy and lack of remoteness needed for a case or controversy to exist between the Morales defendants and Essex. Under this indirect route, Bayou would have to be unable to satisfy a judgment against it for the decedent's death. If the insurance contract issued by Essex to Bayou covered the decedent, the Morales defendants could then sue Essex as a judgment creditor of Bayou. Once again the possibility of a case or controversy between Essex and Bayou is too remote to justify this Court having subject matter jurisdiction over the Morales defen-

dants on the basis of there being a case or controversy between them.

Currently, a lack of an immediate controversy between the Morales defendants and Essex indicates this Court lacks subject matter jurisdiction over the Morales defendants. While the Morales defendants could in some circumstances sue Essex in Texas state court, three criteria would have to be met before such a suit could go forth. The gap between the Morales defendants' opportunity to bring suit against Essex and the possibility they would be able to is too remote to indicate an actual case or controversy currently exists between the Morales defendants and Essex.[2]

### CONCLUSION

For the forgoing reasons, the Court finds that this Court lacks subject matter jurisdiction over the Jose Antonio Morales, Sr., individually and as administrator of the estate of Antonio Morales Jr., Carmen Morales, and Emilia Moreno Ramirez individually and as Next Friend of Antonio Morales, III.

Therefore, the defendants, Jose Antonio Morales, Sr., individually and as administrator of the estate of Antonio Morales Jr., Carmen Morales, and Emilia Moreno Ramirez individually and as Next Friend of Antonio Morales, III, motion to dismiss is GRANTED.

---

2. Since this Court lacks subject matter jurisdiction over the Morales defendants, an analysis of personal jurisdiction is not necessary.